**WANGER JONES HELSLEY PC**
265 E. River Park Circle, Suite 310
Fresno, California 93720
Telephone:  (559) 233-4800
Facsimile:  (559) 233-9330

Kurt F. Vote #160496
E-mail: kvote@wjhattorneys.com

Attorneys for:  Plaintiff

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRESH VEGETABLES DISTRIBUTION, LLC, a Texas limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>JS COMPANIES, LLC, a California limited liability company t/a JS BERRIES; JENNA R. SCARBOROUGH, an individual; JAYDA L. SCARBOROUGH, an individual; and JULIA P. SCARBOROUGH, an individual,<br><br>Defendants. | Case No. 1:25-cv-01326-JLT-BAM<br><br>**STIPULATION AND ORDER** |

Plaintiff Fresh Vegetables Distribution LLC ("Fresh Vegetables"), by and through undersigned counsel, and Defendants JS Companies, LLC trading as JS Berries ("JS Berries"), Jenna R. Scarborough ("Jenna Scarborough"), Jayda L. Scarborough ("Jayda Scarborough") and Julia P. Scarborough ("Julia Scarborough") (JS Berries, Jenna Scarborough, Jayda Scarborough and Julia Scarborough collectively, "Defendants") (Plaintiff and Defendants collectively, the "Parties"), agree and stipulate to the following:

1. Defendants appear in this action, admit service of the complaint and summonses and consent to the jurisdiction and venue of the Court for all purposes.

2. Plaintiff is a qualified trust creditor and beneficiary under the provisions of the Perishable Agricultural Commodities Act, 7 U.S.C. § 499a, *et seq.* ("PACA"), of Defendants, jointly and severally, for a debt in the principal amount of $69,992.00 plus interest at the rate of 18% *per annum* through December 9, 2025 in the amount of $7,812.48, and reasonable attorneys' fees, costs and legal expenses incurred by Plaintiff in the amount of $6,000.00, for a total debt under PACA in the amount of $83,804.48 (the "PACA Trust Debt").

3. For full and final satisfaction of Plaintiff's claims, subject to the terms and conditions of this Stipulation and Order, Defendants shall pay to Plaintiff the sum of $70,000.00 (the "Settlement Amount") as follows: equal weekly installments of $11,666.67 each commencing on December 10, 2025 and continuing on the each successive Wednesday thereafter until the Settlement Amount is paid in full, TIME BEING OF THE ESSENCE. The Settlement Amount shall be paid by bank check, ACH or wire transfer and paid so as to be received by Plaintiff on or before 3:00 PM on the date due. If paid by bank check, payments shall be delivered to Plaintiff at 7017 N. 10th Street, Suite N-2, MBE #122, McAllen, Texas 78504. If paid by ACH or wire transfer, Plaintiff will provide electronic payment instructions separately.

4. In the event the Settlement Amount is not timely paid, Defendants shall have the right to cure such default by paying the amount due within three business days after notice of such default is sent to Defendants via email at jenna@jsberries.com and jayson@jsberries.com. Notwithstanding the foregoing, Defendants' right to cure a default in making the payments as provided hereinabove shall be limited to one such occurrence, and this provision is of the essence. Any curative payment by Defendants shall include all charges assessed by any financial institution as a consequence of the unavailability of the required funds.

5. In the event Defendants default in their payment obligations as set forth in Paragraph 3 above, and Defendants either fail to cure such default or are not allowed to cure such

default pursuant to Paragraph 4 above, then upon the filing with the Court of a declaration as to such default by Plaintiff's attorney, with a copy to Defendants via email at the addresses set forth in Paragraph 4, this Court shall immediately enter a Final Order and Judgment in a form substantially similar to the one attached hereto as Exhibit A.  The judgment amount prescribed in the Final Order and Judgment in favor of Plaintiff and against Defendants, jointly and severally, shall be the amount of the PACA Trust Debt set forth in Paragraph 2 above plus any additional attorneys' fees, costs and expenses incurred by Plaintiff following the date of this Stipulation and Order, plus all interest accrued at the rate of 18% *per annum*, less any payments actually received by Plaintiff pursuant to this Stipulation and Order.

6.  The Parties' agreement to the payments set forth in Paragraph 3 above is without prejudice to Plaintiff's standing as a qualified PACA trust creditor and beneficiary as set forth in Paragraph 2 above, and nothing herein shall be deemed a waiver of those rights as contemplated by 7 C.F.R. § 46.46(c)(2) and 7 C.F.R. § 46.46(e)(3).  The original credit terms between the Parties are not intended to be modified, nor are they modified by this Stipulation and Order.  Nothing herein shall be deemed, interpreted, or otherwise construed as an extension of credit by Plaintiff to Defendants, nor as a waiver of Plaintiff's rights under the PACA statutory trust as set forth in 7 U.S.C. § 499e(c), and Plaintiff's rights under this Stipulation and Order are in addition to its rights under the trust.

7.  Effective automatically upon the receipt and clearing of the full Settlement Amount as contemplated herein, and without further act or deed, each of the Parties, on its own behalf and on behalf of its respective directors, officers, shareholders, members, equity holders, parents, subsidiaries, affiliates, partners, employees, agents, representatives, executors, attorneys and accountants, and each of their respective successors, heirs and assigns, hereby unconditionally and irrevocably waives, releases and discharges the other Parties, and each of their respective directors,

officers, members, equity holders, parents, subsidiaries, affiliates, partners, employees, agents, representatives, attorneys and accountants, and each of their respective successors, heirs and assigns, from any and all rights, causes of action, claims, debts, demands, damages, consequential damages, punitive damages, losses, obligations, judgments, duties, expenses, contracts, warranties, sums of money, costs, expenses, accounts, contracts, allegations, liabilities and obligations of every kind or nature, whether liquidated or unliquidated, matured or unmatured, contingent or noncontingent, known or unknown, which any of the Parties now has or may in the future have against any or all of the other Parties arising from or in any way whatsoever related to the PACA Trust Debt and which was or could have been raised in the above-captioned action; provided, however, that the foregoing shall not (and shall not be deemed to) release or discharge any rights and obligations of the Parties arising pursuant to this Stipulation and Order.

8. The Parties understand and acknowledge that any releases exchanged herein extend to any claims released herein, whether known or unknown, suspected or unsuspected. Each of the Parties expressly waives and relinquishes any and all rights it may have under California Civil Code Section 1542, which provides as follows:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**

9. Without altering or limiting any other provision of this Stipulation and Order, Plaintiff (and its counsel) and Defendants (and their counsel) shall each: (a) cooperate with the other in good faith; and (b) timely execute and deliver such documents and other things as may be necessary to effectuate the provisions of this Stipulation and Order, including but not limited to entry of judgment as contemplated herein.

10. No delay or failure by either Party to exercise any right under this Stipulation and Order, and no partial or single exercise of any right, shall constitute a waiver of that or any other right, unless stated otherwise in writing.

11. This Stipulation and Order may be executed by the Parties, or by the Parties' authorized counsel acting with active authority from their principals, in Counterparts, and collectively all signed Counterparts represent one agreement. Facsimile or electronic signatures shall be deemed originals for all purposes.

12. The Parties acknowledge having had a sufficient opportunity to discuss this Stipulation and Order with their respective attorneys and having availed themselves of that opportunity to the extent they desired to do so.

13. The Court shall retain jurisdiction over this action and the Parties during the pendency of the application of this Stipulation and Order in order to enforce the terms and conditions hereof. All dates and deadlines imposed by operation of the Federal Rules of Civil Procedure or prior orders of this Court are adjourned *sine die*.

//

//

//

//  **[ SIGNATURE PAGE FOLLOWS ]**

//

//

//

//

//

//

14. This Stipulation and Order constitutes the entire understanding of the Parties and may not be changed unless in a written agreement signed by all parties or their representatives.

Dated: November ___, 2025      Wanger Jones Helsley PC
                               Attorneys for Plaintiff

                               By: _____
                                   Kurt F. Vote
                                   Attorneys for Plaintiff

Dated: November ___, 2025      JS Companies, LLC t/a JS Berries
                               Defendant

                               By: _____
                                   Jenna Scarborough
                                   Managing Member

Dated: November ___, 2025
                               _____
                               Jenna Scarborough
                               Personally

Dated: November ___, 2025
                               _____
                               Julia Scarborough
                               Personally

Dated: November ___, 2025
                               _____
                               Jayda Scarborough
                               Personally

IT IS SO ORDERED.

   Dated:   **December 12, 2025**          _____
                                           UNITED STATES DISTRICT JUDGE

**EXHIBIT A**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRESH VEGETABLES DISTRIBUTION, LLC, a Texas limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>JS COMPANIES, LLC, a California limited liability company t/a JS BERRIES; JENNA R. SCARBOROUGH, an individual; JAYDA L. SCARBOROUGH, an individual; and JULIA P. SCARBOROUGH, an individual,<br><br>Defendants. | Case No. 1:25-cv-01326-JLT-BAM<br><br>**FINAL ORDER AND JUDGMENT** |

**THIS MATTER** having come before the Court on Plaintiff's application for a Final Order and Judgment; and it appearing that pursuant to the terms of the Stipulation and Order previously filed in this action, this Court is to enter this Final Order and Judgment immediately upon the filing of a declaration by Plaintiff's attorney which states that payment has not been made by Defendants as required by the Stipulation and Order and Defendants have failed to cure the default in payment; and it appearing that Plaintiff's attorney has filed such a declaration and that Defendants have failed to make payment and to cure that default in accordance with the Stipulation and Order; and for good cause shown;

IT IS on this _____ day of _____, 202___,

**ORDERED, ADJUDGED, AND DECREED** that plaintiff Fresh Vegetables Distribution LLC ("Plaintiff") is a qualified trust creditor and beneficiary under the provisions of the Perishable Agricultural Commodities Act, 7 U.S.C. § 499a *et seq.* ("PACA"), of defendants JS Companies, LLC trading as JS Berries ("JS Berries"), Jenna R. Scarborough ("Jenna Scarborough"), Jayda L. Scarborough ("Jayda Scarborough") and Julia P. Scarborough ("Julia Scarborough") (JS Berries, Jenna Scarborough, Jayda Scarborough and Julia Scarborough collectively, "Defendants"), jointly and severally, for a debt in the principal amount of $_____, plus interest at the rate of 18% *per annum* in the amount of $_____ and reasonable attorneys' fees in the amount of $_____, for a total judgment amount of $_____ under the trust provisions of the PACA; and it is further

**ORDERED** that Defendants shall, within five business days of service of this Order, turnover any and all funds realized from the sale of produce or products derived from produce in their possession to Wanger Jones Helsley PC, 265 E. River Park Circle, Suite 310, Fresno, California 93720 ("Plaintiff's Counsel"), for distribution to Plaintiff; and it is further

**ORDERED** that any and all funds belonging to Defendants, in the possession of third parties (including banking institutions), shall be immediately turned over to Plaintiff's Counsel, for distribution to Plaintiff; and it is further

**ORDERED** that any and all funds owed to Defendants shall be paid directly to Plaintiff's Counsel, when due for distribution to Plaintiff; and it is further

**ORDERED** that Defendants shall supply to Plaintiff's Counsel, within five days of the date of this Order, any and all documents in their possession, custody or control which reflect or relate to Defendants' assets and liabilities, including, but not limited to, the most recent balance sheets, profit/loss statements, accounts receivable reports, accounts payable reports, accounts paid records, bank account statements and income tax returns; and it is further

**ORDERED** that the judgment entered in favor of Plaintiff and against Defendants, jointly and severally, is a final judgment, there being no just cause for delay in light of Plaintiff's statutory right to prompt payment under PACA, and Plaintiff may have immediate execution therefore.

**SO ORDERED:**
ENTERED this _____ day of _____, 202__.

_____
Jennifer L. Thurston, U.S.D.J.